**REDACTED**
**ORIGINAL FILED UNDER SEAL**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*, | Case No. 11-22820 (RDD) |
| Debtors. | (Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE CHRISTIAN BROTHERS' INSTITUTE AND THE CHRISTIAN BROTHERS OF IRELAND, INC., | Adv. Pro. No. 13-08229 (RDD) |
| Plaintiff, v. | |
| ALL HALLOWS INSTITUTE, | |
| Defendant. | |

**DECLARATION OF ILAN D. SCHARF IN SUPPORT OF THE
COMMITTEE'S OPPOSITION TO AHI'S MOTION TO DISMISS**

ILAN D. SCHARF makes this declaration pursuant to 28 U.S.C. § 1746, and states:

1.      I am a partner in the law firm of Pachulski Stang Ziehl & Jones, LLP, counsel to the Official Committee of Unsecured Creditors (the "Committee") of The Christian Brothers' Institute and The Christian Brothers of Ireland, Inc., the debtors and debtors in possession in this case (together, the "Debtors").  I submit this declaration in support of the Committee's opposition to the motion of All Hollows Institute to dismiss the Committee's Complaint against it in this adversary proceeding.

2.      As counsel to the Committee, I have personally reviewed the proofs of claim filed by survivors of sexual abuse for which the Debtors are responsible (collectively, the "Survivors").

REDACTED
ORIGINAL FILED UNDER SEAL

3.      The Survivors collectively filed approximately 425 proofs of claims (the "POCs"). The POCs show that Survivors currently reside in at many states (including Arizona, Illinois, Pennsylvania, Rhode Island, Texas, Florida, Tennessee, South Carolina, Louisiana, Connecticut, Hawaii, Oregon, Washington, Massachusetts), Washington DC and Canada.

4.      Attached as Exhibit 1 is a true and correct copy of the *Affidavit of* ███████████ *in Support of Opposition to All Hallows Institute's Motion to Dismiss the Complaint*, sworn to on August 13, 2013.

5.      Attached as Exhibit 2 is a true and correct copy of the *Affidavit of* ███████████ *in Support of Opposition to All Hallows Institute's Motion to Dismiss the Complaint*, sworn to on August 15, 2013.

6.      Attached as Exhibit 3 is a true and correct copy of the *Affidavit of* ███████████ *in Support of Opposition to All Hallows Institute's Motion to Dismiss the Complaint*, sworn to on August 13, 2013.

7.      Attached as Exhibit 4 is a true and correct copy of the *Affidavit of* ████████ *in Support of Opposition to All Hallows Institute's Motion to Dismiss the Complaint*, sworn to on August 12, 2013.

8.      Attached as Exhibit 5 is a true and correct copy of the *Affidavit of* █████ ██████ *in Support of Opposition to All Hallows Institute's Motion to Dismiss the Complaint*, sworn to on August 9, 2013.

9.      Attached as Exhibit 6 is a true and correct copy of the *Affidavit of* █████ ██████ *in Support of Opposition to All Hollows Institute's Motion to Dismiss the Complaint*, sworn to on August 8, 2013.

-2-

**REDACTED**
**ORIGINAL FILED UNDER SEAL**

10.    Attached as Exhibit 7 is a true and correct copy of the *Affidavit of* ▮▮▮

▮▮▮ *in Support of Opposition to All Hollows Institute's Motion to Dismiss the Complaint,*

sworn to on August 1, 2013.

11.    Attached as Exhibit 8 is a true and correct copy of the *Affidavit of* ▮▮▮ *in*

*Support of Opposition to All Hollows Institute's Motion to Dismiss the Complaint,* sworn to on

August 2, 2013.

I declare under penalty of perjury under the laws of the United States of America that, to

the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated:    New York, New York
          August 16, 2013

                                                /s/ Ilan D. Scharf
                                                Ilan D. Scharf

DOCS_NY:30133.1

**Exhibit 1**

# REDACTED

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 11-22820 (RDD)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE CHRISTIAN BROTHERS' INSTITUTE AND THE CHRISTIAN BROTHERS OF IRELAND, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ALL HALLOWS INSTITUTE,<br><br>Defendant. | Adv. Pro. No. 13-08229 (RDD) |

## AFFIDAVIT OF ███████████ IN SUPPORT OF OPPOSITION TO ALL HALLOWS INSTITUTE'S MOTION TO DISMISS THE COMPLAINT

███████████, being duly sworn, deposes and says:

1.     I am a creditor of the above-referenced Debtors and submit this Affidavit in support of the Official Committee of Unsecured Creditors' (the "Committee") opposition to All Hallows Institute's ("AHI") motion to dismiss the Committee's Complaint (the "Motion") in the above-captioned action.

2.     I filed Sexual Abuse Claim No. ██ in these cases.

3.     I currently live in ███████. In 1990, I lived in ███████; in 2001, I lived in ███████; and in 2005, I lived in ███████. I am married.

1

DOCS_NY:29919.3 14012/002

4.       I was recently provided with a copy of the Complaint in this adversary proceeding and the Motion (together, the "Documents"). Based on those documents, I learned for the first time that one of the Debtors, The Christian Brothers' Institute ("CBI"), transferred real property and improvements to AHI in 1990 for the purported price of $10 (the "Transfer"), and that John J. Duffy (CBI's late general counsel) wrote in a private letter that the purpose of the Transfer was to make CBI "less of a target in any suit for damages. . ." Complaint, Ex. B.

5.       Based on my review of the Motion, I understand that AHI contends that "anyone exercising reasonable diligence would have learned of the facts surrounding the Transfer many, many years ago." AHI Br. at 1.[1] AHI is wrong.

6.       Prior to my review of the Documents, I had no knowledge of the facts described in the Complaint or the Motion, nor is there any reasonable basis to suggest that I should have known of such facts. And without knowledge of the facts described by AHI, I fail to understand how I could have discovered the fraudulent nature of the Transfer. See AHI Br. at 4.

7.       Based on my review of the Documents, I understand that "the Transfer was duly recorded as a public record" in the Bronx in 1990 (AHI Br. at 8). I have never been to the Bronx. Moreover, neither my profession nor my personal interests have ever caused me to review real estate transfer documents in the Bronx (or anywhere else), except to the extent I reviewed real estate transfer documents in connection with the purchase of my own home. While someone

---

[1] Citations to "AHI Br. at ___" are to the *Memorandum of Law in Support of All Hallows Institute's Motion to Dismiss Complaint*, dated June 21, 2013 (Docket No. 11).

2

seeking to purchase AHI's property might be expected to review these documents, the thought of tracking CBI's assets never occurred to me. In fact, I did not learn of the Transfer until I reviewed the Documents.

8. Based on my review of the Motion, I also understand that a brief article appeared in *The Telegram*, published in St. John's, New Foundland, which described the Transfer and the Duffy Letter. I have never been to Canada or to St. John's, New Foundland, and until I reviewed the Motion, I never knew there was a periodical called "The Telegram," let alone knew that an article appeared in that paper more than a dozen years ago that described the Transfer and the Duffy Letter.

9. Based on my review of the Motion, I have also learned during the course of this case that there was, in fact, a lawsuit filed in New York State Supreme Court, Bronx County, in 2005 that challenged the Transfer (the "Bronx Action"). While the lawyers and parties to the Bronx Action knew of the Transfer, I did not. Neither my profession nor my personal interests have ever caused me to review Bronx County litigation matters (or anywhere else), and I was unaware of the Bronx Action until I reviewed the Motion.

10. Finally, based on my review of the Motion, I now understand that an article appeared in the Metropolitan section of the *New York Times* in 2005 that described the Bronx Action and the Transfer. I have never subscribed to the *New York Times* and did not, as of 2005, regularly read the *New York Times*. Nor do I recall reading or hearing about the article described in the Motion.

3

11.     I did not have any knowledge of the Transfer or the Bronx Action prior to reviewing the Documents.  I have not kept track of the real estate transactions between CBI and any other entity.  Rather. I am a victim of sexual abuse who has long yearned for justice.  I had no reason in 1990 or 2001 or even 2005 to believe that CBI would file for bankruptcy or that it had embarked on a strategy of attempting to place assets beyond the reach of abuse victims, nor did I have any understanding of fraudulent transfers until this case was commenced.

12.     Given my domicile, my profession, and my personal interests, I did not learn of any of the facts upon which AHI relies until after this case began nor can I see any reasonable basis to conclude I should have learned of such facts.



Sworn to and subscribed before me this
_____ day of August, 2013


_____
Notary Public

4

DOCS_NY:29919.3 14012/002

State of Hawaii       }
              } SS.
County of Honolulu    }

On this  13th day of August, 2013, before me personally appeared ███████████, to me known to be the person described in and who executed the foregoing statement and acknowledged that he executed the same as his free act and deed.

Witness my hand and seal.

Mark F. Gallagher
My commission expires: 12/26/14

Doc. Date: _8/13/13_  # Pages: _5_
Name: _Mark F. Gallagher_ First Circuit
Doc. Description: _Affidavit of_
████████████████

_8/13/13_
Signature            Date

NOTARY CERTIFICATION

# Exhibit 2

# REDACTED

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*,<br><br>     Debtors. | Chapter 11<br><br>Case No. 11-22820 (RDD)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE CHRISTIAN BROTHERS' INSTITUTE AND THE CHRISTIAN BROTHERS OF IRELAND, INC.,<br><br>     Plaintiff,<br><br>  v.<br><br>ALL HALLOWS INSTITUTE,<br><br>     Defendant. | Adv. Pro. No. 13-08229 (RDD) |

### AFFIDAVIT OF ▮▮▮▮▮▮▮ IN SUPPORT OF OPPOSITION TO ALL HALLOWS INSTITUTE'S MOTION TO DISMISS THE COMPLAINT

▮▮▮▮▮, being duly sworn, deposes and says:

1. I am a creditor of the above-referenced Debtors and submit this Affidavit in support of the Official Committee of Unsecured Creditors' (the "Committee") opposition to All Hallows Institute's ("AHI") motion to dismiss the Committee's Complaint (the "Motion") in the above-captioned action.

2. I filed Sexual Abuse Claim No▮ in these cases.

3. I currently live in▮▮▮▮▮. In 1990, I lived in▮▮▮; in 2001, I lived in▮▮▮▮; and in 2005, I lived in▮▮▮▮. I am divorced.

1

4.      I was recently provided with a copy of the Complaint in this adversary proceeding and the Motion (together, the "Documents"). Based on those documents, I learned for the first time that one of the Debtors, The Christian Brothers' Institute ("CBI"), transferred real property and improvements to AHI in 1990 for the purported price of $10 (the "Transfer"), and that John J. Duffy (CBI's late general counsel) wrote in a private letter that the purpose of the Transfer was to make CBI "less of a target in any suit for damages. . ." Complaint, Ex. B.

5.      Based on my review of the Motion, I understand that AHI contends that "anyone exercising reasonable diligence would have learned of the facts surrounding the Transfer many, many years ago." AHI Br. at 1.[1]  AHI is wrong.

6.      Prior to my review of the Documents, I had no knowledge of the facts described in the Complaint or the Motion, nor is there any reasonable basis to suggest that I should have known of such facts. And without knowledge of the facts described by AHI, I fail to understand how I could have discovered the fraudulent nature of the Transfer. See AHI Br. at 4.

7.      Based on my review of the Documents, I understand that "the Transfer was duly recorded as a public record" in the Bronx in 1990 (AHI Br. at 8). I have never been to the Bronx. Moreover, neither my profession nor my personal interests have ever caused me to review real estate transfer documents in the Bronx (or anywhere else), except to the extent I reviewed real estate transfer documents in connection with the purchase of my own home. While someone seeking to purchase AHI's property

---

[1] Citations to "AHI Br. at __" are to the *Memorandum of Law in Support of All Hallows Institute's Motion to Dismiss Complaint*, dated June 21, 2013 (Docket No. 11).

2

DOCS_NY:29919.3 14012/002

might be expected to review these documents, the thought of tracking CBI's assets never occurred to me. In fact, I did not learn of the Transfer until I reviewed the Documents.

8.    Based on my review of the Motion, I also understand that a brief article appeared in *The Telegram*, published in St. John's, New Foundland, which described the Transfer and the Duffy Letter. I have never been to Canada or to St. John's, New Foundland, and until I reviewed the Motion, I never knew there was a periodical called "The Telegram," let alone knew that an article appeared in that paper more than a dozen years ago that described the Transfer and the Duffy Letter.

9.    Based on my review of the Motion, I have also learned during the course of this case that there was, in fact, a lawsuit filed in New York State Supreme Court, Bronx County, in 2005 that challenged the Transfer (the "Bronx Action"). While the lawyers and parties to the Bronx Action knew of the Transfer, I did not. Neither my profession nor my personal interests have ever caused me to review Bronx County litigation matters (or anywhere else), and I was unaware of the Bronx Action until I reviewed the Motion.

10.    Finally, based on my review of the Motion, I now understand that an article appeared in the Metropolitan section of the *New York Times* in 2005 that described the Bronx Action and the Transfer. I have never subscribed to the *New York Times* and did not, as of 2005, regularly read the *New York Times*. Nor do I recall reading or hearing about the article described in the Motion.

11.    I did not have any knowledge of the Transfer or the Bronx Action prior to reviewing the Documents. I have not kept track of the real estate transactions between CBI and any other entity. Rather, I am a victim of sexual abuse who has long

3

yearned for justice. I had no reason in 1990 or 2001 or even 2005 to believe that CBI would file for bankruptcy or that it had embarked on a strategy of attempting to place assets beyond the reach of abuse victims, nor did I have any understanding of fraudulent transfers until this case was commenced.

12. Given my domicile, my profession, and my personal interests, I did not learn of any of the facts upon which AHI relies until after this case began nor can I see any reasonable basis to conclude I should have learned of such facts.



Sworn to and subscribed before me this
___ day of August, 2013

_____
Notary Public

FRANCES H. HILL
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES 5-26-2018

4

**Exhibit 3**

**REDACTED**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*,<br><br>        Debtors. | Chapter 11<br><br>Case No. 11-22820 (RDD)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE CHRISTIAN BROTHERS' INSTITUTE AND THE CHRISTIAN BROTHERS OF IRELAND, INC.,<br><br>        Plaintiff,<br>    v.<br><br>ALL HALLOWS INSTITUTE,<br><br>        Defendant. | Adv. Pro. No. 13-08229 (RDD) |

### AFFIDAVIT OF ▮▮▮▮▮▮ IN SUPPORT OF OPPOSITION TO ALL HALLOWS INSTITUTE'S MOTION TO DISMISS THE COMPLAINT

▮▮▮▮▮, being duly sworn, deposes and says:

1. I am a creditor of the above-referenced Debtors and submit this Affidavit in support of the Official Committee of Unsecured Creditors' (the "Committee") opposition to All Hallows Institute's ("AHI") motion to dismiss the Committee's Complaint (the "Motion") in the above-captioned action.

2. I filed Sexual Abuse Claim No. ▮ in these cases.

3. I currently live in ▮▮▮▮. In 1990, I lived in ▮▮▮▮; in 2001, I lived in ▮▮▮▮; and in 2005, I lived in ▮▮▮▮. I am a psychologist and am single.

1

4.     I was recently provided with a copy of the Complaint in this adversary proceeding and the Motion (together, the "Documents"). Based on those documents, I learned for the first time that one of the Debtors, The Christian Brothers' Institute ("CBI"), transferred real property and improvements to AHI in 1990 for the purported price of $10 (the "Transfer"), and that John J. Duffy (CBI's late general counsel) wrote in a private letter that the purpose of the Transfer was to make CBI "less of a target in any suit for damages. . ." Complaint, Ex. B.

5.     Based on my review of the Motion, I understand that AHI contends that "anyone exercising reasonable diligence would have learned of the facts surrounding the Transfer many, many years ago." AHI Br. at 1.[1] AHI is wrong.

6.     Prior to my review of the Documents, I had no knowledge of the facts described in the Complaint or the Motion, nor is there any reasonable basis to suggest that I should have known of such facts. And without knowledge of the facts described by AHI, I fail to understand how I could have discovered the fraudulent nature of the Transfer. See AHI Br. at 4.

7.     Based on my review of the Documents, I understand that "the Transfer was duly recorded as a public record" in the Bronx in 1990 (AHI Br. at 8). Moreover, neither my profession nor my personal interests have ever caused me to review real estate transfer documents in the Bronx. While someone seeking to purchase AHI's property might be expected to review these documents, the thought of tracking CBI's assets never occurred to me. In fact, I did not learn of the Transfer until I reviewed the Documents.

---

[1] Citations to "AHI Br. at ___" are to the *Memorandum of Law in Support of All Hallows Institute's Motion to Dismiss Complaint*, dated June 21, 2013 (Docket No. 11).

2

8.      Based on my review of the Motion, I also understand that a brief article appeared in *The Telegram*, published in St. John's, New Foundland, which described the Transfer and the Duffy Letter. I have never been St. John's, New Foundland, and until I reviewed the Motion, I never knew there was a periodical called "The Telegram," let alone knew that an article appeared in that paper more than a dozen years ago that described the Transfer and the Duffy Letter.

9.      Based on my review of the Motion, I have also learned during the course of this case that there was, in fact, a lawsuit filed in New York State Supreme Court, Bronx County, in 2005 that challenged the Transfer (the "Bronx Action"). While the lawyers and parties to the Bronx Action knew of the Transfer, I did not. Neither my profession nor my personal interests have ever caused me to review Bronx County litigation matters (or anywhere else), and I was unaware of the Bronx Action until I reviewed the Motion.

10.     Finally, based on my review of the Motion, I now understand that an article appeared in the Metropolitan section of the *New York Times* in 2005 that described the Bronx Action and the Transfer. I did not, as of 2005, regularly read the *New York Times*. Nor do I recall reading or hearing about the article described in the Motion.

11.     I did not have any knowledge of the Transfer or the Bronx Action prior to reviewing the Documents. I have not kept track of the real estate transactions between CBI and any other entity. Rather, I am a victim of sexual abuse who has long yearned for justice. I had no reason in 1990 or 2001 or even 2005 to believe that CBI would file for bankruptcy or that it had embarked on a strategy of attempting to place

3

assets beyond the reach of abuse victims, nor did I have any understanding of fraudulent transfers until this case was commenced.

12.    Given my domicile, my profession, and my personal interests, I did not learn of any of the facts upon which AHI relies until after this case began nor can I see any reasonable basis to conclude I should have learned of such facts.



Sworn to and subscribed before me this
13 day of August, 2013



Notary Public

HEATHER PUOPOLO
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
December 09, 2014

4

**Exhibit 4**

13-08229-rdd Doc 16 Filed 08/16/13 Entered 08/16/13 16:32:49 Main Document Pg 21 of 44

**REDACTED**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 11-22820 (RDD)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE CHRISTIAN BROTHERS' INSTITUTE AND THE CHRISTIAN BROTHERS OF IRELAND, INC.,<br><br>Plaintiff,<br>v.<br><br>ALL HALLOWS INSTITUTE,<br><br>Defendant. | Adv. Pro. No. 13-08229 (RDD) |

**AFFIDAVIT OF ▮▮▮▮ IN SUPPORT OF OPPOSITION TO ALL HALLOWS INSTITUTE'S MOTION TO DISMISS THE COMPLAINT**

▮▮▮▮, being duly sworn, deposes and says:

1. · I am a creditor of the above-referenced Debtors and submit this Affidavit in support of the Official Committee of Unsecured Creditors' (the "Committee") opposition to All Hallows Institute's ("AHI") motion to dismiss the Committee's Complaint (the "Motion") in the above-captioned action.

2. I filed Sexual Abuse Claim No. ▮ in these cases.

3. I currently live in ▮▮▮▮ and have at all times relevant. I am a carpenter and am married.

4. I was recently provided with a copy of the Complaint in this adversary proceeding and the Motion (together, the "Documents"). Based on those

1

DOCS_NY:29919.3 14012/002

documents, I learned for the first time that one of the Debtors, The Christian Brothers' Institute ("CBI"), transferred real property and improvements to AHI in 1990 for the purported price of $10 (the "Transfer"), and that John J. Duffy (CBI's late general counsel) wrote in a private letter that the purpose of the Transfer was to make CBI "less of a target in any suit for damages. . . ." Complaint, Ex. B.

5.      Based on my review of the Motion, I understand that AHI contends that "anyone exercising reasonable diligence would have learned of the facts surrounding the Transfer many, many years ago." AHI Br. at 1.[1] AHI is wrong.

6.      Prior to my review of the Documents, I had no knowledge of the facts described in the Complaint or the Motion, nor is there any reasonable basis to suggest that I should have known of such facts. And without knowledge of the facts described by AHI, I fail to understand how I could have discovered the fraudulent nature of the Transfer. See AHI Br. at 4.

7.      Based on my review of the Documents, I understand that "the Transfer was duly recorded as a public record" in the Bronx in 1990 (AHI Br. at 8). I have never been to the Bronx. Moreover, neither my profession nor my personal interests have ever caused me to review real estate transfer documents in the Bronx (or anywhere else), except to the extent I reviewed real estate transfer documents in connection with the purchase of my own home. While someone seeking to purchase AHI's property might be expected to review these documents, the thought of tracking CBI's assets never occurred to me. In fact, I did not learn of the Transfer until I reviewed the Documents.

---

[1] Citations to "AHI Br. at ___" are to the *Memorandum of Law in Support of All Hallows Institute's Motion to Dismiss Complaint*, dated June 21, 2013 (Docket No. 11).

2

8.     Based on my review of the Motion, I also understand that a brief article appeared in *The Telegram*, published in St. John's, New Foundland, which described the Transfer and the Duffy Letter.  I have never been to Canada or to St. John's, New Foundland, and until I reviewed the Motion, I never knew there was a periodical called "The Telegram," let alone knew that an article appeared in that paper more than a dozen years ago that described the Transfer and the Duffy Letter.

9.     Based on my review of the Motion, I have also learned during the course of this case that there was, in fact, a lawsuit filed in New York State Supreme Court, Bronx County, in 2005 that challenged the Transfer (the "Bronx Action").  While the lawyers and parties to the Bronx Action knew of the Transfer, I did not.  Neither my profession nor my personal interests have ever caused me to review Bronx County litigation matters (or anywhere else), and I was unaware of the Bronx Action until I reviewed the Motion.

10.     Finally, based on my review of the Motion, I now understand that an article appeared in the Metropolitan section of the *New York Times* in 2005 that described the Bronx Action and the Transfer.  I have never subscribed to the *New York Times* and did not, as of 2005, regularly read the *New York Times*.  Nor do I recall reading or hearing about the article described in the Motion.

11.     I did not have any knowledge of the Transfer or the Bronx Action prior to reviewing the Documents.  I have not kept track of the real estate transactions between CBI and any other entity.  Rather, I am a victim of sexual abuse who has long yearned for justice.  I had no reason in 1990 or 2001 or even 2005 to believe that CBI would file for bankruptcy or that it had embarked on a strategy of attempting to place

DOCS_NY:29919.3 14012/002

assets beyond the reach of abuse victims, nor did I have any understanding of fraudulent transfers until this case was commenced.

12.    Given my domicile, my profession, and my personal interests, I did not learn of any of the facts upon which AHI relies until after this case began nor can I see any reasonable basis to conclude I should have learned of such facts.

Sworn to and subscribed before me this
12 day of August, 2013

_____
Notary Public

Notary Public
State of Washington
CALVIN B MAY
MY COMMISSION EXPIRES
June 24, 2014

4

**Exhibit 5**

**REDACTED**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 11-22820 (RDD)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE CHRISTIAN BROTHERS' INSTITUTE AND THE CHRISTIAN BROTHERS OF IRELAND, INC.,<br><br>Plaintiff,<br>v.<br><br>ALL HALLOWS INSTITUTE,<br><br>Defendant. | Adv. Pro. No. 13-08229 (RDD) |

### AFFIDAVIT OF ▮▮▮▮ ▮▮▮▮ IN SUPPORT OF OPPOSITION TO <u>ALL HALLOWS INSTITUTE'S MOTION TO DISMISS THE COMPLAINT</u>

▮▮▮▮▮▮ being duly sworn, deposes and says:

1.      I am a creditor of the above-referenced Debtors and submit this Affidavit in support of the Official Committee of Unsecured Creditors' (the "Committee") opposition to All Hallows Institute's ("AHI") motion to dismiss the Committee's Complaint (the "Motion") in the above-captioned action.

2.      I filed Sexual Abuse Claim No. ▮ in these cases.

3.      I currently live in ▮▮▮▮ ▮. In 1990, I lived in ▮▮▮▮; in 2001, I lived in ▮▮▮▮ and in 2005, I lived in ▮▮▮▮ ▮ and ▮ ▮▮▮ ▮▮. I am married.

1

4.      I was recently provided with a copy of the Complaint in this adversary proceeding and the Motion (together, the "Documents"). Based on those documents, I learned for the first time that one of the Debtors, The Christian Brothers' Institute ("CBI"), transferred real property and improvements to AHI in 1990 for the purported price of $10 (the "Transfer"), and that John J. Duffy (CBI's late general counsel) wrote in a private letter that the purpose of the Transfer was to make CBI "less of a target in any suit for damages. . ." Complaint, Ex. B.

5.      Based on my review of the Motion, I understand that AHI contends that "anyone exercising reasonable diligence would have learned of the facts surrounding the Transfer many, many years ago." AHI Br. at 1.[1] AHI is wrong.

6.      Prior to my review of the Documents, I had no knowledge of the facts described in the Complaint or the Motion, nor is there any reasonable basis to suggest that I should have known of such facts. And without knowledge of the facts described by AHI, I fail to understand how I could have discovered the fraudulent nature of the Transfer. See AHI Br. at 4.

7.      Based on my review of the Documents, I understand that "the Transfer was duly recorded as a public record" in the Bronx in 1990 (AHI Br. at 8). I have never been to the Bronx. Moreover, neither my profession nor my personal interests have ever caused me to review real estate transfer documents in the Bronx (or anywhere else), except to the extent I reviewed real estate transfer documents in connection with the purchase of my own home. While someone seeking to purchase AHI's property

---

[1] Citations to "AHI Br. at ___" are to the *Memorandum of Law in Support of All Hallows Institute's Motion to Dismiss Complaint*, dated June 21, 2013 (Docket No. 11).

2

might be expected to review these documents, the thought of tracking CBI's assets never occurred to me. In fact, I did not learn of the Transfer until I reviewed the Documents.

8. Based on my review of the Motion, I also understand that a brief article appeared in *The Telegram*, published in St. John's, New Foundland, which described the Transfer and the Duffy Letter. I have never been to Canada or to St. John's, New Foundland, and until I reviewed the Motion, I never knew there was a periodical called "The Telegram," let alone knew that an article appeared in that paper more than a dozen years ago that described the Transfer and the Duffy Letter.

9. Based on my review of the Motion, I have also learned during the course of this case that there was, in fact, a lawsuit filed in New York State Supreme Court, Bronx County, in 2005 that challenged the Transfer (the "Bronx Action"). While the lawyers and parties to the Bronx Action knew of the Transfer, I did not. Neither my profession nor my personal interests have ever caused me to review Bronx County litigation matters (or anywhere else), and I was unaware of the Bronx Action until I reviewed the Motion.

10. Finally, based on my review of the Motion, I now understand that an article appeared in the Metropolitan section of the *New York Times* in 2005 that described the Bronx Action and the Transfer. I have never subscribed to the *New York Times* and did not, as of 2005, regularly read the *New York Times*. Nor do I recall reading or hearing about the article described in the Motion.

11. I did not have any knowledge of the Transfer or the Bronx Action prior to reviewing the Documents. I have not kept track of the real estate transactions between CBI and any other entity. Rather, I am a victim of sexual abuse who has long

3

yearned for justice.  I had no reason in 1990 or 2001 or even 2005 to believe that CBI would file for bankruptcy or that it had embarked on a strategy of attempting to place assets beyond the reach of abuse victims, nor did I have any understanding of fraudulent transfers until this case was commenced.

12.     Given my domicile, my profession, and my personal interests, I did not learn of any of the facts upon which AHI relies until after this case began nor can I see any reasonable basis to conclude I should have learned of such facts.

Sworn to and subscribed before me this ___9ᵗʰ___ day of August, 2013

_____
Notary Public

PAULINE SETO
COMM. # 2021259
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES APRIL 21, 2017

4

**Exhibit 6**

**REDACTED**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*,<br><br>       Debtors. | Chapter 11<br><br>Case No. 11-22820 (RDD)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE CHRISTIAN BROTHERS' INSTITUTE AND THE CHRISTIAN BROTHERS OF IRELAND, INC.,<br><br>       Plaintiff,<br>    v.<br><br>ALL HALLOWS INSTITUTE,<br><br>       Defendant. | Adv. Pro. No. 13-08229 (RDD) |

**AFFIDAVIT OF** ▮▮▮▮▮▮▮▮▮▮ **IN SUPPORT OF OPPOSITION
TO ALL HALLOWS INSTITUTE'S MOTION TO DISMISS THE
<u>COMPLAINT</u>**

▮▮▮▮▮▮▮▮▮▮, being duly sworn, deposes and says:

1.  I am·a creditor of the above-referenced Debtors and submit this Affidavit in support of the Official Committee of Unsecured Creditors' (the "Committee") opposition to All Hallows Institute's ("AHI") motion to dismiss the Committee's Complaint (the "Motion") in the above-captioned action.

2.  I filed Sexual Abuse Claim No. ▮ in these cases.

3.  I reside at ▮▮▮▮▮▮▮▮▮▮. I resided at ▮▮▮▮▮▮▮▮▮▮ at all times during 2001 and 2005. At all times during 1990, I resided at ▮▮▮▮▮▮▮▮▮▮, ▮▮▮▮. I am currently employed as a merchandiser.

1

Error! Unknown document property name.

4.      I was recently provided with a copy of the Complaint in this adversary proceeding and the Motion (together, the "Documents"). Based on those documents, I learned for the first time that one of the Debtors, The Christian Brothers' Institute ("CBI"), transferred real property and improvements to AHI in 1990 for the purported price of $10 (the "Transfer"), and that John J. Duffy (CBI's late general counsel) wrote in a private letter that the purpose of the Transfer was to make CBI "less of a target in any suit for damages. . ." Complaint, Ex. B.

5.      Based on my review of the Motion, I understand that AHI contends that "anyone exercising reasonable diligence would have learned of the facts surrounding the Transfer many, many years ago." AHI Br. at 1.[1] AHI is wrong.

6.      Prior to my review of the Documents, I had no knowledge of the facts described in the Complaint or the Motion, nor is there any reasonable basis to suggest that I should have known of such facts. And without knowledge of the facts described by AHI, I fail to understand how I could have discovered the fraudulent nature of the Transfer. See AHI Br. at 4.

7.      Based on my review of the Documents, I understand that "the Transfer was duly recorded as a public record" in the Bronx in 1990 (AHI Br. at 8). I have never been to the Bronx. Moreover, neither my profession nor my personal interests have ever caused me to review real estate transfer documents in the Bronx (or anywhere else), except to the extent I reviewed real estate transfer documents in connection with the purchase of my own home. While someone seeking to purchase AHI's property

---

[1] Citations to "AHI Br. at __" are to the *Memorandum of Law in Support of All Hallows Institute's Motion to Dismiss Complaint*, dated June 21, 2013 (Docket No. 11).

2

Error! Unknown document property name.

might be expected to review these documents, the thought of tracking CBI's assets never occurred to me. In fact, I did not learn of the Transfer until I reviewed the Documents.

8.     Based on my review of the Motion, I also understand that a brief article appeared in *The Telegram*, published in St. John's, New Foundland, which described the Transfer and the Duffy Letter. I have never been to St. John's, New Foundland, and until I reviewed the Motion, I never knew there was a periodical called "The Telegram," let alone knew that an article appeared in that paper more than a dozen years ago that described the Transfer and the Duffy Letter.

9.     Based on my review of the Motion, I have also learned during the course of this case that there was, in fact, a lawsuit filed in New York State Supreme Court, Bronx County, in 2005 that challenged the Transfer (the "Bronx Action"). While the lawyers and parties to the Bronx Action knew of the Transfer, I did not. Neither my profession nor my personal interests have ever caused me to review Bronx County litigation matters (or anywhere else), and I was unaware of the Bronx Action until I reviewed the Motion.

10.    Finally, based on my review of the Motion, I now understand that an article appeared in the Metropolitan section of the *New York Times* in 2005 that described the Bronx Action and the Transfer. I have never subscribed to the *New York Times* and did not, as of 2005, regularly read the *New York Times.* Nor do I recall reading or hearing about the article described in the Motion.

11.    I did not have any knowledge of the Transfer or the Bronx Action prior to reviewing the Documents. I have not kept track of the real estate transactions between CBI and any other entity. Rather, I am a victim of sexual abuse who has long

3

yearned for justice.  I had no reason in 1990 or 2001 or even 2005 to believe that CBI

would file for bankruptcy or that it had embarked on a strategy of attempting to place

assets beyond the reach of abuse victims, nor did I have any understanding of fraudulent

transfers until this case was commenced.

12.     Given my domicile, my profession, and my personal interests, I did

not learn of any of the facts upon which AHI relies until after this case began nor can I

see any reasonable basis to conclude I should have learned of such facts.



Sworn to and subscribed before me this
_8th_ day of August, 2013

_____
Notary Public

OFFICIAL SEAL
CATHI DIFRANCO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-10-2014

**Error! Unknown document property name.**

**Exhibit 7**

**REDACTED**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*,<br><br>                    Debtors. | Chapter 11<br><br>Case No. 11-22820 (RDD)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE CHRISTIAN BROTHERS' INSTITUTE AND THE CHRISTIAN BROTHERS OF IRELAND, INC.,<br><br>                    Plaintiff,<br>          v.<br><br>ALL HALLOWS INSTITUTE,<br><br>                    Defendant. | Adv. Pro. No. 13-08229 (RDD) |

**AFFIDAVIT OF** ████████████████ **IN SUPPORT OF**
**OPPOSITION TO ALL HALLOWS INSTITUTE'S MOTION TO DISMISS**
**THE COMPLAINT**

I, ████████████, being duly sworn, deposes and says:

1. I am a creditor of the above-referenced Debtors and submit this Affidavit in support of the Official Committee of Unsecured Creditors' (the "Committee") opposition to All Hallows Institute's ("AHI") motion to dismiss the Committee's Complaint (the "Motion") in the above-captioned action.

2. I filed Sexual Abuse Claim No. ██ in these cases.

3. I reside at ████████████████████████. I resided at ████████████████████████ at all times during 1990, 2001 and 2005. I am a retired United States Postal Service employee, where I worked for over thirty years.

1

Error! Unknown document property name.

4.    I was recently provided with a copy of the Complaint in this adversary proceeding and the Motion (together, the "Documents"). Based on those documents, I learned for the first time that one of the Debtors, The Christian Brothers' Institute ("CBI"), transferred real property and improvements to AHI in 1990 for the purported price of $10 (the "Transfer"), and that John J. Duffy (CBI's late general counsel) wrote in a private letter that the purpose of the Transfer was to make CBI "less of a target in any suit for damages. . ." Complaint, Ex. B.

5.    Based on my review of the Motion, I understand that AHI contends that "anyone exercising reasonable diligence would have learned of the facts surrounding the Transfer many, many years ago." AHI Br. at 1.[1] AHI is wrong.

6.    Prior to my review of the Documents, I had no knowledge of the facts described in the Complaint or the Motion, nor is there any reasonable basis to suggest that I should have known of such facts. And without knowledge of the facts described by AHI, I fail to understand how I could have discovered the fraudulent nature of the Transfer. See AHI Br. at 4.

7.    Based on my review of the Documents, I understand that "the Transfer was duly recorded as a public record" in the Bronx in 1990 (AHI Br. at 8). I have never been to the Bronx. Moreover, neither my profession nor my personal interests have ever caused me to review real estate transfer documents in the Bronx (or anywhere else), except to the extent I reviewed real estate transfer documents in connection with the purchase of my own home. While someone seeking to purchase AHI's property

---

[1] Citations to "AHI Br. at __" are to the *Memorandum of Law in Support of All Hallows Institute's Motion to Dismiss Complaint*, dated June 21, 2013 (Docket No. 11).

2

Error! Unknown document property name.

might be expected to review these documents, the thought of tracking CBI's assets never occurred to me. In fact, I did not learn of the Transfer until I reviewed the Documents.

8.    Based on my review of the Motion, I also understand that a brief article appeared in *The Telegram*, published in St. John's, New Foundland, which described the Transfer and the Duffy Letter. I have never been to St. John's, New Foundland, and until I reviewed the Motion, I never knew there was a periodical called "The Telegram," let alone knew that an article appeared in that paper more than a dozen years ago that described the Transfer and the Duffy Letter.

9.    Based on my review of the Motion, I have also learned during the course of this case that there was, in fact, a lawsuit filed in New York State Supreme Court, Bronx County, in 2005 that challenged the Transfer (the "Bronx Action"). While the lawyers and parties to the Bronx Action knew of the Transfer, I did not. Neither my profession nor my personal interests have ever caused me to review Bronx County litigation matters (or anywhere else), and I was unaware of the Bronx Action until I reviewed the Motion.

10.    Finally, based on my review of the Motion, I now understand that an article appeared in the Metropolitan section of the *New York Times* in 2005 that described the Bronx Action and the Transfer. I have never subscribed to the *New York Times* and did not, as of 2005, regularly read the *New York Times*. Nor do I recall reading or hearing about the article described in the Motion.

11.    I did not have any knowledge of the Transfer or the Bronx Action prior to reviewing the Documents. I have not kept track of the real estate transactions between CBI and any other entity. Rather, I am a victim of sexual abuse who has long

3

yearned for justice. I had no reason in 1990 or 2001 or even 2005 to believe that CBI

would file for bankruptcy or that it had embarked on a strategy of attempting to place

assets beyond the reach of abuse victims, nor did I have any understanding of fraudulent

transfers until this case was commenced.

12.     Given my domicile, my profession, and my personal interests, I did

not learn of any of the facts upon which AHI relies until after this case began nor can I

see any reasonable basis to conclude I should have learned of such facts.



Sworn to and subscribed before me this
___/ˢᵗ__ day of July, 2013
            August

_____
Notary Public

OFFICIAL SEAL
DONNA S SANDERSON
Notary Public - State of Illinois
My Commission Expires Mar 12, 2017

4

Error! Unknown document property name.

**Exhibit 8**

**REDACTED**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE CHRISTIAN BROTHERS' INSTITUTE, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 11-22820 (RDD)<br><br>(Jointly Administered) |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE CHRISTIAN BROTHERS' INSTITUTE AND THE CHRISTIAN BROTHERS OF IRELAND, INC.,<br><br>Plaintiff,<br>v.<br><br>ALL HALLOWS INSTITUTE,<br><br>Defendant. | Adv. Pro. No. 13-08229 (RDD) |

**AFFIDAVIT OF ▇▇▇▇▇▇ IN SUPPORT OF OPPOSITION TO ALL HALLOWS INSTITUTE'S MOTION TO DISMISS THE COMPLAINT**

▇▇▇▇▇▇, being duly sworn, deposes and says:

1.     I am a creditor of the above-referenced Debtors and submit this Affidavit in support of the Official Committee of Unsecured Creditors' (the "Committee") opposition to All Hallows Institute's ("AHI") motion to dismiss the Committee's Complaint (the "Motion") in the above-captioned action.

2.     I filed Sexual Abuse Claim No. ▇ in these cases.

3.     I currently reside at ▇▇▇▇▇▇. I resided at ▇▇▇▇ ▇▇▇▇▇▇ at all times during 2001 and 2005. At all times during 1990, I resided in ▇▇▇▇▇▇. I am currently employed as a firefighter and paramedic.

4.    I was recently provided with a copy of the Complaint in this adversary proceeding and the Motion (together, the "Documents"). Based on those documents, I learned for the first time that one of the Debtors, The Christian Brothers' Institute ("CBI"), transferred real property and improvements to AHI in 1990 for the purported price of $10 (the "Transfer"), and that John J. Duffy (CBI's late general counsel) wrote in a private letter that the purpose of the Transfer was to make CBI "less of a target in any suit for damages. . ." Complaint, Ex. B.

5.    Based on my review of the Motion, I understand that AHI contends that "anyone exercising reasonable diligence would have learned of the facts surrounding the Transfer many, many years ago." AHI Br. at 1.[1] AHI is wrong.

6.    Prior to my review of the Documents, I had no knowledge of the facts described in the Complaint or the Motion, nor is there any reasonable basis to suggest that I should have known of such facts. And without knowledge of the facts described by AHI, I fail to understand how I could have discovered the fraudulent nature of the Transfer. See AHI Br. at 4.

7.    Based on my review of the Documents, I understand that "the Transfer was duly recorded as a public record" in the Bronx in 1990 (AHI Br. at 8). I have never been to the Bronx. Moreover, neither my profession nor my personal interests have ever caused me to review real estate transfer documents in the Bronx (or anywhere else), except to the extent I reviewed real estate transfer documents in connection with the purchase of my own home. While someone seeking to purchase AHI's property might be expected to review these documents, the thought of tracking CBI's assets never occurred to me. In fact, I did not learn of the Transfer until I reviewed the Documents.

---

[1] Citations to "AHI Br. at __" are to the *Memorandum of Law in Support of All Hallows Institute's Motion to Dismiss Complaint*, dated June 21, 2013 (Docket No. 11).

8. Based on my review of the Motion, I also understand that a brief article appeared in *The Telegram*, published in St. John's, New Foundland, which described the Transfer and the Duffy Letter. I have never been to St. John's, New Foundland, and until I reviewed the Motion, I never knew there was a periodical called "The Telegram," let alone knew that an article appeared in that paper more than a dozen years ago that described the Transfer and the Duffy Letter.

9. Based on my review of the Motion, I have also learned during the course of this case that there was, in fact, a lawsuit filed in New York State Supreme Court, Bronx County, in 2005 that challenged the Transfer (the "Bronx Action"). While the lawyers and parties to the Bronx Action knew of the Transfer, I did not. Neither my profession nor my personal interests have ever caused me to review Bronx County litigation matters (or anywhere else), and I was unaware of the Bronx Action until I reviewed the Motion.

10. Finally, based on my review of the Motion, I now understand that an article appeared in the Metropolitan section of the *New York Times* in 2005 that described the Bronx Action and the Transfer. I have never subscribed to the *New York Times* and did not, as of 2005, regularly read the *New York Times*. Nor do I recall reading or hearing about the article described in the Motion.

11. I did not have any knowledge of the Transfer or the Bronx Action prior to reviewing the Documents. I have not kept track of the real estate transactions between CBI and any other entity. Rather, I am a victim of sexual abuse who has long yearned for justice. I had no reason in 1990 or 2001 or even 2005 to believe that CBI would file for bankruptcy or that it had embarked on a strategy of attempting to place assets beyond the reach of abuse victims, nor did I have any understanding of fraudulent transfers until this case was commenced.

12.    Given my domicile, my profession, and my personal interests, I did not

learn of any of the facts upon which AHI relies until after this case began nor can I see any

reasonable basis to conclude I should have learned of such facts.



Sworn to and subscribed before me this
2ⁿᵈ day of August, 2013

Notary Public

OFFICIAL SEAL
DONNA S SANDERSON
Notary Public - State of Illinois
My Commission Expires Mar 12, 2017